UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

PARK AVENUE SECURITIES, LLC and
ALI ABDUL-RAHMAN,

        Plaintiffs,

v.                                          Case No. 17-C-746

DR. RONALD YOUNG,

        Defendant.

---

## ORDER GRANTING MOTION TO DISMISS

Plaintiffs Park Avenue Securities, LLC and Ali Abdul-Rahman brought this action for declaratory relief against Defendant Ronald Young, seeking a determination that Young's claims against Plaintiffs are not arbitrable before the Financial Industry Regulatory Authority ("FINRA"). Young has moved to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction, improper venue, and failure to state a claim upon which relief can be granted. Because I conclude that the court lacks subject matter jurisdiction, the motion to dismiss will be granted.

## BACKGROUND

FINRA is a national securities association recognized and registered with the Securities and Exchange Commission under the Securities Exchange Act of 1934, 15 U.S.C. § 78o-3 (Compl., ECF No. 1, at ¶ 10.) Park Avenue Securities, LLC ("PAS") is a securities broker-dealer and a member of FINRA. (*Id.* at ¶ 8.) Ali Abdul-Rahman resides in Indiana and is employed as a soliciting agent for Guardian Life Insurance Company of America. (*Id.* at ¶¶ 3, 7.) He is also a registered

representative and an "associated person" of PAS. (*Id.* at ¶ 8.) Doctor Ronald Young resides in Indiana and purchased two term life insurance policies and three whole life insurance policies issued by Guardian Life through Abdul-Rahman. (*Id.* at ¶¶ 4, 9.)

According to the complaint, Young filed a Statement of Claim with FINRA on October 31, 2016, seeking to engage in mandatory arbitration with Plaintiffs. (*Id.* at ¶ 9.) Young's Statement of Claim asserted several claims against Plaintiffs: negligent and unsuitable investment advice; violations of the Indiana Securities Act; violations of FINRA Conduct Rules; breach of contract; breach of fiduciary duty and constructive fraud; respondeat superior; and negligence and negligent supervision. (ECF No. 1-1 at 17–23.) Young alleged in his Statement of Claim that Plaintiffs caused substantial damages "stemming from inappropriate and negligent investment, strategy, advice and related sale of products to [Young] under the guise of a purported investment or savings vehicle." (*Id.* at 14.)

Plaintiffs allege that Young's claims are not arbitrable before FINRA. FINRA members are contractually obligated to submit to arbitration of customer claims under the FINRA Code of Arbitration Procedure for Customer Disputes ("the FINRA Code") when: (1) arbitration under the Code is required by written agreement or requested by the customer; (2) the dispute is between a customer and a member or associated person of a member; and (3) the dispute arises in connection with the business activities of the member/associated person, except disputes involving the insurance business activities of a member that is also an insurance company. (Compl. at ¶¶ 11–12.) Plaintiffs claim that they had no written agreements with Young and his only written agreements were with Guardian Life regarding the policies he bought. (*Id.* at ¶ 16.) They also claim that Young is not a "customer" under the FINRA Code because he did not buy the policies in the course of PAS'

2

investment banking or securities business activities and because the life insurance policies are not securities. (*Id.* at ¶¶ 13, 15, 17.)

On January 6, 2017, Plaintiffs submitted a request to the Director of FINRA Office of Dispute Resolution seeking a dismissal of Young's arbitration claims. (*Id.* at ¶ 22.) The Director issued a one-page denial of Plaintiffs' request. (*Id.* at ¶ 24.) Plaintiffs then filed this complaint seeking declaratory judgment that Young's claims are not arbitrable.

**DISCUSSION**

In reviewing the plaintiff's complaint in regard to any motion to dismiss, all well-pleaded facts are assumed to be true, and all such facts, as well as the reasonable inferences therefrom, are viewed in the light most favorable to the plaintiff. *Gutierrez v. Peters*, 111 F.3d 1364, 1368–69 (7th Cir. 1997). A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of this court over the subject matter related in the complaint. The plaintiff bears the burden of establishing that the jurisdictional requirements have been met. *Schaefer v. Transp. Media, Inc.*, 859 F.2d 1251, 1253 (7th Cir. 1988). If material factual allegations are contested, the proponent of federal jurisdiction must "prove those jurisdictional facts by a preponderance of the evidence." *Meridian Sec. Ins. Co. v. Sedowski*, 441 F.3d 536, 543 (7th Cir. 2006). When the moving party "launches a factual attack against jurisdiction, the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (internal quotation marks and citations omitted).

Plaintiffs argue this Court has jurisdiction on the basis of federal question jurisdiction under

3

28 U.S.C. § 1331. They claim that the only way Young's dispute is arbitrable is if he is a "customer" under FINRA Rule 12200 and Young is only a customer if the purchased policies upon which he bases his claim are securities. Federal law determines what constitutes a security. *See SEC v. W. J. Howey Co.*, 328 U.S. 297 (1946). Thus, Plaintiffs claim that this court has subject matter jurisdiction because Young's claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

The parties do not dispute that the life insurance policies Young bought are *not* securities. Young's FINRA arbitration claim asserts state common law claims, violations of FINRA rules, and a claim under the Indiana Securities Act as it relates to its Registered Investment Advisor section. Young argues that "[t]he arbitration case is about whether Park Avenue and Abdul-Rahman satisfied their duties and obligations in giving financial advice to Dr. Young." (Def.'s Reply Br., ECF No. 15, at 2.) This claim does not require a determination of whether federal securities law applies and thus does not raise a substantial and disputed federal issue. The FINRA arbitrator may ultimately determine that Young is not a customer under the Code, that the dispute did not arise from Plaintiffs' business activities, or that the claim is not arbitrable. However those determinations will be made by applying the FINRA Code—not federal law.

I therefore conclude that this court does not have subject matter jurisdiction over Plaintiffs' complaint for declaratory judgment and Young's motion to dismiss should be granted. Because I find that Young is entitled to dismissal on subject matter jurisdiction grounds, I need not address the venue and failure to state a claim issues. For the reasons given above, Young's motion to dismiss

4

(ECF No. 10) is **GRANTED**.  The Clerk is directed to enter judgment forthwith.

**SO ORDERED** this  21st   day of April, 2017.

                                       s/ William C. Griesbach
                                       William C. Griesbach, Chief Judge[*]
                                       United States District Court

---

[*] Of the Eastern District of Wisconsin, sitting by designation.